

# The Attorney General of Texas

March 21, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable G. L. "Lynn" Tate
Commissioner
Texas Department of Labor
and Standards
Box 12157
Austin, Texas 78711

Opinion No. H-1140

Re:   Whether a non-citizen of the
United States may be licensed under
the Texas Private Employment Agency
Law, art. 5221a-6, V.T.C.S.

Dear Commissioner Tate:

You have requested our opinion concerning the constitutionality of article 5221a-6, section 5(a)(1), V.T.C.S., which deals with Private Employment Agency licensing and provides:

> (a)   Application for a license as an operator may be made and shall be issued to any person who (1) is a citizen of the United States . . . .

On numerous occasions this office has stated that such citizenship requirements are unconstitutional under the equal protection clause of the 14th Amendment to the United States Constitution. Attorney General Opinions H-926 (1977) (landscape architect); H-157 (1973), R-2247 (1950), O-866 (1939) (physician); H-81 (1973) (certified public accountant); and M-447 (1969) (vocational nurse). The United States Supreme Court has made the law quite clear in this regard. Restrictions based on alienage cannot be upheld unless the State can prove that the restriction is necessary to accomplish a compelling state purpose. See Examining Board of Engineers, Architects and Surveyors v. Flores de Otero, 426 U.S. 572 (1976) (aliens may not be prohibited from being licensed as engineers); In re Griffiths, 413 U.S. 717 (1973) (aliens may not be denied admission to the State bar); Sugarman v. Dougall, 413 U.S. 634 (1973) (aliens may not be denied civil service employment); Graham v. Richardson, 403 U.S. 365 (1971) (aliens are entitled to welfare benefits). We can discern no meaningful distinction between the rational basis for such a restriction as applied to Private Employment Agency operators on the one hand versus physicians, nurses, accountants and landscape architects on the other. Accordingly, in our opinion article 5221a-6, section 5(a)(1), V.T.C.S., violates the 14th Amendment to the United States Constitution and is invalid.

## SUMMARY

Article 5221a-6, section 5(a)(1), which restricts licensing as Private Employment Agency operators to citizens of the United States, is unconstitutional.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst